IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE JAMES PAVLOSKY AND<br>DEBORAH THUMANN-PAVLOSKY,<br><br>  Appellants<br><br>vs.<br><br>UNITED STATES OF AMERICA (IRS),<br>  Appellee. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NUMBER 06-CV-2061 |

## MEMORANDUM AND ORDER

This is an appeal from the Bankruptcy Court's Findings of Fact and Conclusions of Law, in which the Bankruptcy Court granted Defendant-Appellee IRS's motion for summary judgment. The Bankruptcy Court also dismissed with prejudice the complaint filed by the Debtors-Appellants.

The parties agree that jurisdiction was proper in the Bankruptcy Court, and that this Court now has jurisdiction of the appeal. The parties further agree on the facts, and that the standard of review of the Bankruptcy Court's rulings on issues of law is *de novo*.

The issue to be determined is the effect of an alternative minimum tax short-term capital loss incurred by Debtors in the amount of $1,355,394.05. The loss resulted from Debtors' sale of stock acquired through an incentive stock option.

The tax treatment applicable to the transfer of stock acquired pursuant to an incentive stock option is set forth in 26 U.S.C. § 56 (b)(3). The limitations on taxpayers' use of any losses are set forth in 26 U.S.C. § 1221.

1

The proper tax treatment of Debtors' loss is referred to in the Bankruptcy Court's Findings of Fact and Conclusions of Law, and is discussed at length in Appellee's Brief. Debtors apparently contend, however, that they are entitled to have their loss treated as an ordinary loss, or that their use of the loss is not limited by 26 U.S.C. § 1211.

To support their argument, Debtors refer to legislative history. Because they fail to provide any page citations, however, their references cannot be verified and must be disregarded. More generally, Debtors refer to the alleged "intent of Congress." The intent that Debtors wish this Court to adopt and apply simply cannot be gleaned from any of the statutes or regulations that are identified, nor from any other source.

More specifically, Debtors urge that instructions for Form 6251 for the years prior to 2001 support their position. However, the instructions for IRS forms are not authoritative sources of tax law. *Sherwin-Williams Co. Employee Health Plan Trust v. Comm'r*, 115 T.C. 440, 451 (2000). Even if the instructions are to be considered, they are not supportive.

Debtors also refer the Court to the Tax Court's decision in *Spitz v. Comm'r,* No. 4075-05, (Aug. 15, 2006). Except for the fact that one of Debtors' attorneys was counsel of record, however, the decision is irrelevant.

The balance of Debtor's arguments concerns matters of policy and equity that are more properly addressed to Congress and not the judiciary. The Bankruptcy Court's disposition is AFFIRMED.

IT IS SO ORDERED.

**SIGNED** this 5th day of October, 2006.

*/s/ Keith P. Ellison*